UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARIATI DEVELOPERS, INC., <br><br> Plaintiff <br><br> v. <br><br> SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA, <br><br> Defendant. | CIVIL ACTION NO. <br> 3:25-cv-778 <br><br><br><br><br><br> May 13, 2025 |

## NOTICE OF REMOVAL

Pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, Defendant Selective Insurance Company of South Carolina ("Selective") hereby removes this matter from the Superior Court of the State of Connecticut to the United States District Court for the District of Connecticut based upon diversity jurisdiction under 28 U.S.C. § 1332. As grounds for removal, Selective states:

**I.      Plaintiff's Complaint and Procedural History**

1.      By Complaint dated April 9, 2025, Plaintiff Cariati Developers, Inc. ("Cariati Developers") commenced an action in the Superior Court of Connecticut in the Judicial District of New Haven, captioned as *Cariati Developers, Inc. v. Selective Insurance Company of South Carolina,* Docket No. NNH-CV25-6154969-S (the "State Court action").  A copy of the State Court docket is attached hereto as Exhibit A.

2.      In the Complaint, Cariati Developers alleges that it was an insured under an insurance policy issued by Selective, number S2572495, which includes coverage for the fleet of trucks that are employed in the Plaintiff's business. Plaintiff further alleges that five insured motor vehicles were damaged due to vandalism. Plaintiff alleges Selective denied Plaintiff's

claim on the ground that each of the motor vehicles suffered damage because of normal wear and tear. Plaintiff claims that Selective wrongfully denied its claim.

3.  Plaintiff alleges claims against Selective for breach of contract, breach of the covenant of good faith and fair dealing, and breach of CUTPA/CUIPA. Plaintiff alleges that Selective acted in bad faith or negligently by refusing to fairly consider the merits of Plaintiff's claims and settle its claims for a reasonable sum.

4.  Selective was served with Plaintiff's Complaint on April 15, 2025. A true and accurate copy of all process, pleadings, and orders served upon Selective is attached hereto as Exhibit B. Selective has not received any other pleadings or orders in the State Court action. To Selective's knowledge, with the exception of the filing of the Complaint, there have been no further proceedings in State Court.

5.  Selective denies any and all liability for Plaintiff's claims in the Complaint, and has valid defenses thereto. By removing this action, Selective does not waive any defenses available to it and does not admit any of the allegations in the Complaint.

## II.   The Court Has Diversity Jurisdiction Over This Matter Because There Is Complete Diversity as Between the Plaintiff and Defendant and the Amount in Controversy Exceeds $75,000

6.  The basis for jurisdiction in this Court is diversity of citizenship under 28 U.S.C. § 1332(a). Section 1332(a) provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

### A.     The Amount-in-Controversy Requirement is Satisfied

7.     "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Gibson v. Scap*, 960 F. Supp. 2d 373, 378 (D. Conn. 2013).

8.     The amount in controversy in this action exceeds $75,000, exclusive of costs and interest. In the Complaint, Plaintiff demands, among other things, compensatory damages, attorney's fees, punitive damages, and costs. Before filing of suit, Plaintiff stated to Selective that it would seek damages for the vehicles' down time and stated that the value of its insurance claim was well in excess of $75,000, including claiming that its damages approached one million dollars.

9.     Accordingly, while Selective denies any liability to the Plaintiff and denies that Plaintiff suffered any damages, the amount in controversy exceeds $75,000.

### B.     There Is Complete Diversity of Jurisdiction Between the Parties

10.     Based upon a search of publicly available records, Plaintiff is a Connecticut corporation with its principal place of business in Connecticut. For diversity purposes, Plaintiff is a citizen of Connecticut. 28 U.S.C. § 1332(c)(1).

11.     Selective is now, and was at the time Plaintiff filed this lawsuit, an Indiana corporation with its principal place of business in Branchville, New Jersey. Therefore, Selective is a citizen of Indiana and New Jersey for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

12.     Accordingly, there is complete diversity of citizenship between the plaintiff and the defendant, and Selective may remove this action from the Connecticut Superior Court to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § 1332.

**III.    Selective Has Satisfied the Procedural Requirements for Removal**

13. This removal is timely. Selective files this notice within thirty days of April 15, 2025, the date that Plaintiff served the Summons and Complaint upon Selective. *See* 28 U.S.C. § 1446(b)(2)(B).

14. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Selective is attached. *See* Exhibit B.

15. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal has been provided simultaneously to all parties and the clerk of the Superior Court of Connecticut, Judicial District of New Haven.

## CONCLUSION

This Court has jurisdiction over this matter. There is complete diversity of citizenship between the plaintiff and defendant. Plaintiff Cariati Developers, Inc. is a citizen of Connecticut, while Selective is not. In addition, it appears to a reasonable probability that the amount in controversy exceeds the sum of $75,000. For these reasons, this case is subject to this Court's original jurisdiction pursuant to 28 U.S.C. § 1332.

        DEFENDANT,
        SELECTIVE INSURANCE COMPANY
        OF SOUTH CAROLINA

        By */s/ Joseph K. Scully*
        Joseph K. Scully (ct26541)
        Catherine A. DeLanzo (ct31323)
        Day Pitney LLP
        225 Asylum Street
        Hartford, CT 06103
        (860) 275-0100
        (860) 275-0343 (fax)
        jkscully@daypitney.com
        cdelanzo@daypitney.com
        Its Attorneys

-5-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above will immediately be delivered to all counsel of record as follows:

Lawrence H. Adler, Esq.
Adler Law Group, LLC
111 Founders Plaza, Suite 1102
East Hartford, CT 06108
eservice@adlerlawgroupllc.com

*/s/ Joseph K. Scully*
Joseph K. Scully